By the Court.—Sedgwick Ch. J.
In 1855, the plaintiff was in a business, which he continued until *74 1863 or 1864. That business was done in his name, H. Holthausen. The defendant claimed in this action that he was a partner in the business. The jury, under proper instructions have found that he was not a partner. If he was not, he was employed by the plaintiff at a compensation of receiving a part of the profits of the business. His employment was of such a kind that he appeared to third parties doing the business, and the plaintiff did not so appear.
In 1861, a firm of honorable men, Hood, Bonbright & Company, debtors of the plaintiff, failed in business from losses at the South due to the rebellion. They compromised with their creditors including the plaintiff. As a result the firm was discharged from their indebtedness.
In 1881, some assets of the firm having yielded, unexpectedly, more than in. 1861 it was estimated that they would, the firm prepared to pay their former creditors the percentage of indebtedness which was not paid by the compromise. The firm, knowing or thinking that the plaintiff was in Europe, after enquiry for the defendant, wrote to him a letter of November 14, 1881. The contents of this letter are only to be inferred from a part of the defendant's answer to it which says: a I was the partner of Mr. Holthausen the year you name in your letter, &c.” The defendant was then or forthwith after, acquainted with the circular of Hood, Bonbright & Co., which informed their former creditors of their intention to make the further payment. On November 17, they wrote to defendant: “ Is H. Holthausen still living ? If so where ? Was there ever any assignment or failure in their business ? Who was his partner in 1861 ? Will you please inform us fully on this subject, and oblige your old friends.” The defendant answered: “ I went into partnership with Mr. Holthausen, December, 1855, and dissolved with Mr. Holthausen after we moved to New York on March 1, 1864. Holthausen & Co. never made any assignment. I have the books *75 of H. Holthausen & Co. I have been absent in Europe for five years and have just returned.”
Although Hood, Bonbright & Co., had believed from the defendant’s active services in plaintiff’s business that they were partners, yet they were not certain of it or en- » tirely persuaded by the defendant’s letter, for, on the 21st of November the check they gave was neither to the order of defendant absolutely, or of H. Holthausen & Co. Its form was: “ Pay to the order of John Pondir, Esq., for the use of Holthausen & Co., $2,083.76.” The stub opposite this check “is John Pondir, Esq., for the use of Holthausen & Co.”
From these facts considered in connection with other testimony, I am of opinion that the defendant received the money upon the check for whoever was in reality the creditor of the firm of Hood, Bonbright & Co., and therefore for the use of the plaintiff, inasmuch as the jury have found that the defendant was not his partner.
The only embarrassing question relates to the sufficiency of the complaint as setting forth a cause of action for money had and received. There are in it, many allegations that are pointed at the defendant’s obtaining the check fraudulently, by means of a false representation that he was a partner of the plaintiff. If the plaintiff’s cause of action rested upon this, it would be doubtful that he was entitled to recover. The plaintiff had no legal or real interest in the amount of the check before it was delivered to the defendant. Hood, Bonbright & Co. were not bound to pay the plaintiff anything. But the complaint states other facts, and take it altogether under the liberal construction of pleading, enjoined by the Code, it may be held, that there is enough to charge the defendant for money had and received.
Upon the trial the plaintiff was allowed to introduce in evidence a copy of an affidavit on file in the office of the clerk of the Court of Common Pleas for Philadelphia, by which the defendant swore that at the. time here in question, he was in the employ of Henry Holt *76 hausen as his chief salesman. So far as the objection to this was that the original was not produced, it is enough to say that the original was out of the state and could not be produced under subpoena. So far as the objection was to the defendant’s signature being proved on this trial by the former counsel of defendant, it is sufficient to say that a counsel is not forbidden to testify to his client’s handwriting, as a knowledge of that may be gained without a confidential communication from the client.
The judgment and order should be affirmed with costs.
Tetjax, J. concurred.